UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HENRY RANGEL,
TDCJ-CID NO. 02187957

    Petitioner,

v.                                                    No. 4:22-cv-0408-P

DIRECTOR, TDCJ-CID,

    Respondent.

## OPINION AND ORDER

Came on for consideration the petition of Henry Rangel, Petitioner, under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition should be **DENIED**.

## BACKGROUND

Petitioner was convicted of possession of between four and 200 grams of methamphetamine, with one enhancement paragraph and two habitual-offender enhancement paragraphs, in Case No. CR13465 in the 355th Judicial District Court of Hood County, Texas. ECF No. 17-21 at 78–80. He was sentenced to a term of forty years' imprisonment. *Id.* Petitioner appealed and his judgment was affirmed. *Rangel v. State*, No. 01-18-00273-CR, 2020 WL 4289922 (Tex. App.—Houston [1st Dist.] July 28, 2020, pet. ref'd). His petition for discretionary review was refused. *Id.*; *Rangel v. State*, PDR No. 0818-20 (Tex. Crim. App. 2020).

Petitioner filed a state application for writ of habeas corpus. ECF No. 17-21 at 6–24. It was denied without written order on findings of the trial court without hearing and on the Court's independent review of the record. ECF No. 17-28.

Petitioner asserts three grounds in support of his federal application for writ of habeas corpus, all based on ineffective assistance of counsel.

First, counsel failed to make a Sixth Amendment Confrontation Clause objection to Exhibit 9, a forensic drug analysis report, because the analyst who performed the test did not testify at trial. ECF No. 3 at 6; ECF No. 8 at 9–14. Second, counsel failed to make a Confrontation Clause objection to Exhibits 8 and 9 for lack of chain of custody. ECF No. 3 at 9; ECF No. 8 at 15–17. And, third, appellate counsel failed to raise the Confrontation Clause objections and failed to raise the issue of ineffective assistance of trial counsel for failure to make such objections. ECF No. 3 at 10; ECF No 8 at 18–22.

## STANDARDS OF REVIEW

**A.    Section 2254**

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the

3

"doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "Unreasonable" is a much higher standard than "incorrect." *Wooten v. Thaler*, 598 F.3d 215, 222 (5th Cir. 2010).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant argues that counsel should have objected to the lab report because the analyst who performed the lab test did not testify at trial. ECF No. 3 at 6; ECF No. 8 at 9–14. In his second ground, he argues that counsel should have objected to the lab submission form and the lab report because the State failed to establish chain of custody. ECF No. 3 at 6: ECF No. 8 at 15–17. As demonstrated by the affidavit of counsel in the state habeas proceeding, deciding not to object to the lab test was a strategic decision to which Petitioner did not object. ECF No. 17-25 at 7–10. Not objecting to the report and submission form on the basis of chain of custody would have been appropriate for the same reason.[1] Counsel did not want to distract the jury from the defense being asserted. *Id.* at 8. Petitioner has not shown that failure to object was not the result of reasoned trial strategy. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). It is not the Court's place to second-guess counsel. *Strickland*, 466 U.S. at 689. Nor is it the Court's place to second-guess the determination of the state habeas court that counsel was not ineffective. *Cullen*, 563 U.S. at 190.

Even assuming that counsel's conduct fell below an objective standard of reasonableness, and it did not, any notion that Petitioner was harmed as a result is pure speculation. Petitioner has not shown

---

[1] As Respondent notes, the lab submission form was proved up by the testimony of the arresting officer. ECF No. 15-1 at 16 (citing 3 RR at 34, ECF No. 17-6 at 34).

4

that the state habeas court's denial of relief was not just incorrect, but unreasonable. *Knowles*, 556 U.S. at 123.

In his third ground, Movant argues that his appellate counsel were ineffective in failing to raise the issues set forth above and in failing to raise ineffective assistance by his trial counsel. ECF No. 3 at 7; ECF No. 8 at 18–22. For the reasons discussed, *supra*, trial counsel was not ineffective in failing to make Confrontation Clause objections. Moreover, the state appellate court independently reviewed the record and concluded that only one arguable issue for appeal existed, implicitly determining that there had been no ineffective assistance of counsel in the respects urged by Petitioner. *Rangel*, 2020 WL 4289922, at *1–*2. The Court of Criminal Appeals refused the petition for discretionary review. *Rangel*, PDR No. 0818-20. It would be absurd to argue that appellate counsel unreasonably failed to discover and raise issues that the state courts implicitly held were without merit. In any event, Petitioner has not addressed the appellate opinion. Moreover, Petitioner has not shown that making the objections would have changed the outcome of the case. Thus, he cannot prevail on this ground. *Smith*, 528 U.S. at 285.

## CONCLUSION

For the reasons discussed, the petition is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **14th day** of **November 2022.**

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

5